UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA	)	CRIMINAL NO: 4:15-cr-00868-RBH
	)
        vs.	)
	)	**DISCLOSURE ORDER**
BRIAN KEITH PERDUE	)
	)
	)
	)

The United States of America has moved, pursuant to *FRCrP* 6(e)(3)(A)(i) and *FRCrP* 6(e)(3)(C)(i), for an order authorizing disclosure to the Defendant in this case and the Defendant's counsel certain matters occurring before the grand jury which are relevant to this case, including the grand jury testimony of certain potential trial witnesses in this case and other information obtained by or on behalf of the grand jury.

The United States has represented that disclosure of these matters is necessary in order to permit the parties to engage in meaningful plea negotiations and pre-trial discovery, and further that the matters sought to be disclosed are those which otherwise may be subsequently provided to the Defendant and counsel pursuant to Title 18, United States Code, Section 3500, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure. It appears to the court that the need for secrecy is diminished since it is likely these matters will be disclosed by law to the Defendant and counsel in the future, and that the disclosure at this time may promote judicial economy and efficiency. Thus, the court finds these representations

sufficient to establish a particularized need for the disclosures requested by the United States. *See In Re Grand Jury Proceedings*, 800 F.2d1293 (4th Cir. 1986).

The United States also seeks to disclose to potential government trial witnesses and their attorneys the transcripts of those witnesses' own testimony before the grand jury and other information obtained by or on behalf of the grand jury which may be relevant to that testimony. The United States represents that such disclosure is necessary in order to effectively and adequately prepare these witnesses for testifying at trial, and further that such disclosure is fair and in the interests of justice since these transcripts and other information would otherwise be made available to counsel for the Defendant, pursuant to Title 18, United States Code, Section 3500, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, for the purpose of cross-examining these witnesses at trial. Since these disclosures involve the witnesses' own testimony which will otherwise be disclosed at trial, the court finds that the need for secrecy is diminished and that these representations are sufficient to establish a particularized need for the disclosures requested by the United States. *See In Re Grand Jury Proceedings, id.*

Therefore, it is

ORDERED that the United States is authorized to disclose to the Defendant and the Defendant's counsel the grand jury testimony of potential witnesses in this case and other information obtained by or on behalf of the grand jury; it is further

ORDERED that the United States is authorized to disclose to potential government trial witnesses transcripts of those witnesses' own testimony before the grand jury and other information obtained by or on behalf of the grand jury relevant to that testimony; it is further

ORDERED that the matters to be disclosed are left to the discretion of the United States, and the United States shall clearly identify all such matters as grand jury material and shall maintain a record of the matters so disclosed; it is further

ORDERED that the Defendant and the Defendant's counsel and the witnesses and their counsel are to make no copies or other disclosure, verbal or written, to third parties of the matters provided pursuant to this order without further order of this court; it is further

ORDERED that if the Defendant or any witness to whom disclosure is made pursuant to this order is in custody, counsel for the Defendant or any such witness shall not permit the Defendant or witness to retain any matters so disclosed while the Defendant or witness remains in custody; and it is further

ORDERED that not later than the conclusion of the trial, guilty plea or other final resolution of this case in the District Court, all matters disclosed pursuant to this order are to be immediately returned to the United States.

IT IS SO ORDERED.

February 24, 2016                    s/ R. Bryan Harwell
Florence, South Carolina       R. Bryan Harwell
                                      United States District Judge